IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL ALLAN McCORMICK, # 284527, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv900-MHT |
| ) | [WO] |
| CHRISTOPHER GORDY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus filed by state inmate Samuel Allan McCormick ("McCormick") on June 20, 2016.  Doc. No. 2.[1] McCormick presents claims challenging the constitutionality of his 2012 conviction in the Circuit Court of Covington County for the offense of possession of obscene material containing a visual representation of a person under the age of 17 years.

McCormick styled his petition as a "Petition for the Alabama Great Writ of Habeas Corpus by a Person Unlawfully Imprisoned."  Doc. No. 2 at 1.  In it, he insists that he is proceeding under "§ 15-21-1 et seq., Ala. Code 1975, and its corollary statutes."  *Id.*  On November 22, 2016, in compliance with *Castro v. United States*, 540 U.S. 375 (2003), this

---

[1] References to "Doc. No(s)" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

(continued…)

court entered an order notifying McCormick that—notwithstanding the way he styled his petition or the statute under which he purports to proceed—the court intended to treat his petition as a petition for writ of habeas corpus under 28 U.S.C. § 2254.[2]  Doc. No. 7 at 1–2.  In further compliance with the requirements of *Castro*, this court directed McCormick to inform the court whether he wished to proceed under 28 U.S.C. § 2254 on the claims in his original pleading, amend his petition to assert any additional claims under § 2254, or withdraw his petition.  *Id*. at 2.  The court cautioned McCormick that his failure to file a response in compliance with its order would result in the case's proceeding as an action under § 2254 with the court considering only issues raised by his original pleading.  *Id*. at 2–3.

McCormick failed to file a response in compliance with this court's November 22, 2016 order.  Therefore, the case is before the court under § 2254 on McCormick's claims that (1) his right to seek the state writ of habeas corpus was suspended in violation of the Alabama Constitution; (2) his waiver of arraignment was the result of fraud by his defense counsel; (3) his conviction is illegal because it arose from a false, void indictment; (4) his conviction resulted from police misconduct, a broken chain of custody, and tainted evidence; (5) he received ineffective assistance of counsel; (6) his incarceration constitutes cruel and unusual punishment and violates his right to equal protection of the laws.  Doc. No. 2 at 4–9.

---

[2] The proper manner for a state prisoner to challenge a state judgment of conviction in the federal district courts is through a petition for writ of habeas corpus under 28 U.S.C. § 2254. S*ee, e.g., Figueroa v. Rivera*, 147 F.3d 77, 81 (5th Cir. 1998), citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973).

The respondents argue that McCormick's petition is time-barred by AEDPA's one-year limitation period. *See* Doc. No. 28. The undersigned agrees and finds that McCormick's petition is untimely and should be denied without an evidentiary hearing.

## II. DISCUSSION

### A. AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### *Relevant Proceedings*

On March 29, 2012, a Covington County jury found McCormick guilty of possession of obscene material containing a visual representation of a person under the age of 17 years, in violation of § 13A-12-192(b), Ala. Code 1975. Doc. No. 28-5 at 16. On April 17, 2012, the trial court sentenced McCormick to ten years' imprisonment, split to serve two and-a-half years' incarceration followed by seven and-a-half years' probation. Doc. No. 28-5 at 51–53.

McCormick appealed, and on February 8, 2013, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming his conviction and sentence. Doc. No. 28-8. McCormick applied for rehearing, which was overruled on March 1, 2013. Doc. Nos. 28-9 & 28-10. The Alabama Court of Criminal Appeals entered a certificate of judgment on March 20, 2013. Doc. No. 28-11. On that same date, McCormick filed a petition for writ of certiorari in the Alabama Supreme Court, which that court dismissed on March 22, 2013, finding it was untimely filed. *See* Doc. Nos. 28-12, 28-13 & 28-14.

On September 4, 2013, McCormick filed a 28 U.S.C. § 2254 petition in this court challenging his conviction and 10-year sentence. *See McCormick v. Estes, et al.*, Civil Action No. 2:13cv640-TMH. Following the respondents' answer demonstrating that McCormick had failed to exhaust his state court remedies regarding his claims that he received ineffective assistance of counsel, but that he still had the opportunity to do so by filing a state Rule 32 petition, this court dismissed the § 2254 petition without prejudice to allow McCormick to exhaust in the state courts. *Id.*

On March 31, 2014, McCormick filed a *pro se* petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure challenging his conviction and sentence. Doc. No. 28-15 at 13–25. McCormick's Rule 32 petition asserted various claims of trial error and ineffective assistance of counsel. *Id.* On April 6, 2015, the trial court summarily denied McCormick's Rule 32 petition. Doc. No. 28-16 at 178.

McCormick appealed, and on September 18, 2015, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying McCormick's Rule 32 petition. Doc. No. 28-20. McCormick applied for rehearing, which was overruled on November 6, 2015. Doc. Nos. 28-21 & 28-32  The Alabama Court of Criminal Appeals entered a certificate of judgment on November 25, 2015. Doc. No. 28-33. On December 2, 2015, McCormick filed a petition for writ of certiorari in the Alabama Supreme Court, which that court struck on December 9, 2015, as untimely filed. *See* Doc. Nos. 28-34, 28-35 & 28-36. McCormick then filed a petition for writ of certiorari in the United States Supreme Court, which that court denied on April 18, 2016. Doc. Nos. 28-37 & 28-38.

### *28 U.S.C. § 2244(d)(1)(A)*

Section 2244(d)(1)(A) of AEDPA provides that the one-year limitation period for filing a § 2254 petition begins to run on the date on which the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). When a petitioner seeks certiorari review in the Alabama Supreme Court on direct appeal, but does not seek certiorari review in the United States Supreme Court, AEDPA's limitation period begins to run 90 days after the Alabama Supreme Court's entry of its certificate of judgment—the

5

time within which the petitioner could have sought certiorari review in the United States Supreme Court, had he chosen to do so. *See Nix v. Secretary for Dep't of Corrections*, 393 F.3d 1235, 1236 (11th Cir.2004); Sup. Ct. Rule 13.1 (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).  When a petitioner—as McCormick does here—appeals to an intermediate appellate court and seeks rehearing, but does not properly file a petition seeking review in the state's highest court, AEDPA's limitation period begins to run on the date of the intermediate appellate court's certificate of judgment, with no allowance for seeking certiorari review in the United States Supreme Court.  A habeas petitioner under these circumstances is not entitled to the benefit of the 90-day period within which he might have sought certiorari review in the United States Supreme Court, had he first sought review of his conviction in the state's highest court.  *See Pugh v. Smith*, 465 F.3d 1295, 1299–300 (11th Cir. 2006); *Jones v. Albright*, 2010 WL 1929765, at *7 n. 8 (S.D. Ala. 2010), report and recommendation adopted, 2010 WL 1929763 (S.D. Ala. 2010).

Here, after the Alabama Court of Criminal Appeals affirmed McCormick's conviction and sentence by its February 8, 2013 memorandum opinion, it overruled McCormick's application for rehearing on March 1, 2013.  Under Rule 39(c)(2) of the Alabama Rules of Appellate Procedure, McCormick had 14 days within which to file a petition for writ of certiorari in the Alabama Supreme Court.  *See* Ala.R.App.P. 39(c)(2). Because McCormick filed no petition in that time, the Alabama Court of Criminal Appeals entered a certificate of judgment on March 20, 2013.  Although McCormick filed a petition

for writ of certiorari in the Alabama Supreme Court on March 20, 2013, that petition was untimely under Ala.R.App.P. 39(c)(2), and it was dismissed on that basis. With no timely filed petition for certiorari review in Alabama's highest appellate court, McCormick's conviction became final for federal habeas purposes on March 20, 2013, the date on which the Alabama Court of Criminal Appeals entered a certificate of judgment in the direct review proceedings. Under § 2244(d)(1)(A), AEDPA's one-year limitation period commenced on that date. Thus, McCormick had until March 20, 2014 to file a timely § 2254 petition, *absent any tolling of the limitation period*.

**B.      Statutory Tolling**

*28 U.S.C. § 2244(d)(2)*

Section 2244(d)(2) of AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2); *see See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). As indicated above, on March 31, 2014, McCormick filed a Rule 32 petition in the trial court challenging his conviction and sentence. However, that filing, and any subsequent related state court proceedings,[3] did not toll AEDPA's limitation period under § 2244(d)(2), because the limitation period ran unabated for one year after March 20, 2013, before expiring on March 20, 2014. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state

---

[3] The state court proceedings on that Rule 32 petition concluded on November 25, 2015, when the Alabama Court of Criminal Appeals entered a certificate of judgment in the Rule 32 appeal proceedings.

court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.; see also, e.g., Tinker*, 255 F.3d at 1333 (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).[4]

### *28 U.S.C. § 2244(d)(1)(B)–(D)*

Nothing in McCormick's § 2254 petition supports running AEDPA's one-year limitation period from the dates in 28 U.S.C. § 2244(d)(1)(B)–(D). McCormick makes no showing that an unlawful State action impeded him from filing a timely § 2254 petition. *See* 28 § 2244(d)(1)(B). McCormick also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, McCormick submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence. *Seee* § 2244(d)(1)(D).

Under the circumstances, the controlling limitation period in McCormick's case is found in § 2244(d)(1)(A). That one-year period expired on March 20, 2014. McCormick filed his § 2254 petition too late, on June 20, 2016.

**C.      Equitable Tolling**

---

[4] The court notes that McCormick's initial § 2254 petition filed on September 4, 2013, which was dismissed without prejudice to allow McCormick to exhaust his unexhausted ineffective assistance claims in the state courts, had no tolling effect under § 2244(d)(2) because it was not a state court petition. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (an "application for federal habeas corpus review is not an application for State post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2)"); *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Here, McCormick asserts no basis for equitable tolling in his case. His failure to do so forecloses any claim of entitlement to that remedy.

**D.   "Jurisdictional" Claims**

McCormick asserts that his § 2254 petition is not subject to AEDPA's limitation period because, he says, he has presented claims that challenge the trial court's jurisdiction and establish that his conviction and sentence are void. *See* Doc. No. 41 at 3–12; Doc. No. 49-1 at 3–13.

There is no exception to AEDPA's limitation period for claims alleging lack of jurisdiction by the state trial court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. 2012), quoting *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala. 2012) ("While Pope argues that his claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged

9

jurisdictional issues arising under state law.'"); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Secretary, Dep't of Corr.*, 2012 WL 1309360, *2 (M.D. Fla. 2012); *Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007); *Ahmed v. Hooks*, 2007 WL 128787, *1 (S.D. Ala. 2007); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("Whether Minnesota had jurisdiction of [the petitioner's] claim was a matter for the Minnesota courts to address. [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default.").

Because McCormick did not file his § 2254 petition until June 20, 2016, it is time-barred under AEDPA's one-year limitation period, and his claims are not subject to further review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before July 31, 2018. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's

Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 17th day of July, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge